UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN MADISON,

                              Plaintiff,

v.

                        Case # 20-CV-06489-FPG

ANDREW CUOMO, et al.,

                        DECISION AND ORDER

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Kevin Madison ("Plaintiff") brings this civil rights action against Defendants Jason Cogavan, Edward Guerro, James Klatt, Anthony Olles, Sergeant Patti, Edward Rice, and Julie Wolcott ("Defendants"). On September 28, 2023, the Court issued an Order to Show Cause, which directed Plaintiff to, by October 6, 2023, show cause in writing why this case should not be dismissed for failure to prosecute. ECF No. 22. To date, Plaintiff has not responded to that Order. For the reasons below, Plaintiff's action is dismissed for failure to prosecute.

## BACKGROUND

On July 9, 2020, Plaintiff commenced this action by filing a complaint alleging civil rights violations in connection with his confinement at Orleans Correctional Facility. ECF No. 1. After screening, ECF Nos. 4 and 8, Magistrate Judge Marian W. Payson issued a scheduling order on May 17, 2022. ECF No. 17. On September 1, 2023, the dispositive motion deadline passed without any filings. ECF No. 17. Plaintiff has not taken any action on the docket of this case since September 17, 2021, and neither Plaintiff nor Defendants have taken any action since August 9, 2022. *See* ECF No. 19 (Defendants' Rule 26 Disclosure).

On September 11, 2023, having received no dispositive motions, the Court issued a scheduling order setting a status conference for September 27, 2023, at 12:00 P.M., to "hear from

the parties about the progress of this action" and "set a trial date[.]" ECF No. 20. The Court mailed Plaintiff a copy of the scheduling order. *See id.* The Court held the conference as scheduled. Plaintiff did not appear or otherwise contact the Court. Consequently, the Court issued an Order to Show Cause on September 28, 2023, pursuant to Local Rule of Civil Procedure 41(b), which provides that if a civil case has been pending for more than six months, or no action has been taken by the parties for more than six months, and a party is not in compliance with the directions of the district court, the Court may order the parties to show cause why the case should not be dismissed for failure to comply with the Court's directives. Loc. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 41(b); *Roach v. T.L. Cannon Corp.*, No. 10-CV-591, 2012 WL 2178924, at *3 (N.D.N.Y. May 15, 2012) ("It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences."); *Yulle v. Barkley*, No. 05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) ("Th[e] power to dismiss [under Fed. R. Civ. P. 41(b)] may be exercised when necessary to achieve orderly and expeditious disposition of cases.").

The Court's Order to Show Cause directed Plaintiff to show cause in writing by October 6, 2023 why this case should not be dismissed for failure to prosecute and advised Plaintiff that if he failed to respond by October 6, 2023, the Court may treat his noncompliance as a failure to prosecute and may dismiss this action with prejudice pursuant to Rule 41(b). *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court [] has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute."). The Court mailed a copy of the Order to Plaintiff. ECF No. 10, 22. On September 29, 2023, the Court received notice that the September 11, 2023 scheduling order

the Court had mailed to Plaintiff was returned as undeliverable, with no forwarding address. ECF No. 23.[1]

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). The district court's discretion to dismiss a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed as a whole. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209-10 (2d Cir. 2001).

Although not specifically defined in Rule 41(b), the Second Circuit Court of Appeals has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Also, in tandem, this Court's Local Rule of Civil Procedure 41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months. Loc. R. Civ. P. 41(b).

When considering a Rule 41(b) dismissal, the district court typically analyzes the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

---

[1] Local Rule of Civil Procedure 5.2(d) states that a party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Rule provides that the Court "must have a current address at all times" and a "*pro se* litigant must inform the Court immediately, in writing, of any change of address." *Id*. "Failure to do so may result in dismissal of the case, with prejudice." *Id*.

3

*Lucas*, 84 F.3d at 535. No single factor is dispositive, and the court must consider the record as a whole. *Vail v. City of New York*, No. 18-CV-9169 (JPO), 2021 WL 2018838, at *1 (S.D.N.Y. May 20, 2021).

Where a plaintiff is proceeding *pro se*, his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209. However, *pro se* litigants have an obligation to comply with a court's orders, and when they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. Jul. 14. 2000).

**I.   Failure to Prosecute**

After considering the above factors, the Court concludes that dismissal is appropriate under Local Rule of Civil Procedure 41(b).

**A.  Delay**

As discussed, Plaintiff has not taken any action in this case since September 17, 2021. ECF No. 10.  Defendants have not taken any action since August 9, 2022, ECF No. 19 (Defendants' Rule 26 Disclosures), save for Defendants' appearance at the Court's status conference on September 27, 2023.  ECF No. 21.  Plaintiff failed to appear for the status conference. *Id*. Accordingly, Plaintiff has not taken any action in this case for over two years, and Defendants have not formally acted in over one year.  Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration. *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 WL 1006181 (S.D.N.Y. Nov. 5, 1999); *see also United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 255 (2d Cir. 2004).  In accordance with other courts in this Circuit, Plaintiff's duration of inactivity falls within a sufficient time frame to warrant dismissal. *Jones v. City of Rochester*, No. 20-CV-545-FPG, 2022 WL 1668508, at *3 (W.D.N.Y. May 25, 2022) (finding inactivity of sixteen months weighed in favor of dismissal).  Moreover, Plaintiff's duration of

inactivity in this case is beyond the six-month threshold Loc. R. Civ. P. 41(b) provides. For these reasons, this factor weighs in favor of dismissal.

### B. Notice

With respect to a *pro se* plaintiff, the Second Circuit has noted that the notice given regarding dismissal must be specific, in that at least one notice must warn the plaintiff that their failure to respond will result in dismissal. *Lucas*, 84 F.3d at 535; *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d. Cir. 2014) (summary order). Notice can be evidenced by Plaintiff receiving various court orders. *Coss v. Sullivan Cnty. Jail Adm'r*, 171 F.R.D. 68, 71 (S.D.N.Y. 1997).

In this case, the Court mailed Plaintiff copies of the September 11, 2023 scheduling order setting a status conference to set a trial date and the September 28, 2023 Order to Show Cause for Failure to Prosecute. ECF No. 20, 22. Plaintiff did not appear for the status conference, nor respond to the Court's Order to Show Cause. However, as discussed, the Court's September 11, 2023 scheduling order was returned as undeliverable. ECF No. 23. Still, a party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant and the Court "will assume that the litigant has received papers sent to the address they provide." Local Rule of Civil Procedure 5.2(d). The Court "must have a current address at all times" and a "*pro se* litigant must inform the Court immediately, in writing, of any change of address." *Id*. The rule further provides that "[f]ailure to do so may result in dismissal of the case, with prejudice." *Id*.

Here, the Court has endeavored to notify Plaintiff of the potential dismissal of this action for failure to prosecute pursuant to Rule 41(b). ECF Nos. 20, 22. Plaintiff's noncompliance with Local Rule of Civil Procedure 5.2(d) has frustrated those efforts, as the Court must "assume that the litigant has received papers sent to the address they provide" and it is Plaintiff's obligation to "inform the Court" of any change in address. *Id*. While Plaintiff does not appear to have received the Court's notices, this lack of receipt is attributable to Plaintiff's noncompliance with this Court's

requirement that he provide a "current address at all times." *Id*. Moreover, Rule 5.2(d) itself provides notice that failure to provide a current address "may result in dismissal of the case, with prejudice." The Court presently has no means of contacting Plaintiff. Accordingly, this factor weighs in favor of dismissal.

### C. Prejudice

Prejudice to a defendant resulting from unreasonable delay may be presumed as a matter of law when a plaintiff fails to respond to discovery demands, comply with court orders, or provide information that may be crucial to defendant's defense of the actions. *See Drake*, 375 F.3d at 256; *Lyell*, 682 F.2d at 43; *Coss* 171 F.R.D. at 71-72.

Here, prejudice to Defendants due to Plaintiff's delay will be presumed given that Plaintiff does not appear to have participated in discovery, has failed to comply with and respond to court orders, and has not made any progress with his case for over two years. Plaintiff is not only delaying the case itself, but also hindering the ability of the Defendants to proceed. This factor therefore weighs in favor of dismissal.

### D. Sanctions

Courts in this Circuit have determined that monetary sanctions are usually not appropriate for a plaintiff proceeding *pro se* or *in forma pauperis*. *Henderson*, 2019 WL 1410867. Although "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations," *Lyell*, 682 F.2d at 42 (citation and internal quotation marks omitted), a case may be dismissed where "there are no lesser sanctions … that are suitable," *Coss*, 171 F.R.D. at 72.

Because Plaintiff is *pro se* and proceeding *in forma pauperis* in this case, monetary sanctions would not be appropriate. Moreover, Plaintiff has continuously failed to take action in this case, comply with deadlines and Court orders, so there is little indication that monetary

6

sanctions would persuade Plaintiff's participation. Therefore, this Court finds that there are no appropriate sanctions other than dismissal. *See Jones*, 2022 WL 1668508, at *5.

### E. Docket Balance

This Court "must strike a balance between alleviating the congestion of its calendar and protecting [plaintiff's] right to due process and his chance to be heard." *Coss*, 171 F.R.D. at 72. Here, Plaintiff's failure to (i) act for a lengthy duration, (ii) participate in discovery, (iii) appear at the September 2023 status conference, (iv) respond to the Court's Order to Show Cause, and (v) furnish the Court with a current address "more than adequately establishes that [the] case [will] congest the court's docket and divert the court's attention from other matters." *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016); *see also Henderson v. Levy*, No. 15-CV-802-RJA-MJR, 2019 WL 1410867, (W.D.N.Y. Feb. 25, 2019) (noting that a plaintiff failing to respond to court orders, engage in discovery, and explain why his case should not be dismissed cannot be seen as a denial of plaintiff's rights to due process or to present their case.).

As previously mentioned, Plaintiff has been inactive in this case for over two years and noncompliant with the Court's Orders. Although Plaintiff was initially engaged in this action, Plaintiff has not shown continued interest in litigating his claims. *Jones*, 2022 WL 1668508, at *3. Therefore, this factor weighs in favor of dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed, with prejudice, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:   Rochester, New York
         October 11, 2023

_____
HON. FRANK P. GERACI, JR.

United States District Judge  
Western District of New York